FILED
2017 Sep-21 PM 12:02
U.S. DISTRICT COURT
N.D. OF ALABAMA

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## SOUTHERN DIVISION

| AMERIS BANK, | ] | |
| --- | --- | --- |
| Plaintiff, | ] | |
| v. | ] | 2:16-cv-01636-KOB |
| ME YOU AND A PIZZA, LLC, et al., | ] | |
| Defendants. | ] | |

### MEMORANDUM OPINION

This matter is before the court on Plaintiff's Renewed Motion for Summary Judgment. (Doc. 29). This case centers on breach of contract claims against a borrower and four guarantors following default on a loan. Defendants admitted in their Answer every element of Plaintiff's breach of contract claims except for damages. (Doc. 11). Although a response to this Renewed Motion was due May 12, 2017, Defendants failed to file one. Plaintiff has also filed a Supplement to its Motion to amend the amount of damages it alleges Defendants owe. (Doc. 32).

**I.      Standard of Review**

Summary judgment allows a trial court to decide cases when no genuine issues of material fact are present and the moving party is entitled to judgment as a matter of law. *See* FED. R. CIV. P. 56(a). When a district court reviews a motion for summary judgment, it must determine two things: (1) whether any genuine issues of material fact exist; and if not, (2) whether the moving party is entitled to judgment as a matter of law. *Id.*

In reviewing the evidence submitted, the court must view all evidence and factual inferences drawn from it in the light most favorable to the non-moving party. *See Augusta Iron &*

*Steel Works, Inc. v. Emp'rs Ins. of Wausau*, 835 F.2d 855, 856 (11th Cir. 1988) (citation omitted). However, the non-moving party "need not be given the benefit of every inference but only of every reasonable inference." *Graham v. State Farm Mut. Ins. Co.*, 193 F.3d 1274, 1282 (11th Cir. 1999) (citation omitted).

II. **Statement of Facts**

Because Defendants failed to respond to the Renewed Motion for Summary Judgment or otherwise challenge the evidence submitted by Plaintiff, the court accepts as undisputed Plaintiff's description of the facts. *See* Fed. R. Civ. P. 56(e) ("If a party . . . fails to properly address another party's assertion of fact . . . the court may . . . consider the fact undisputed for purposes of the motion."). Nevertheless, the court has reviewed the evidence submitted by Ameris to determine whether it establishes the absence of a genuine dispute of material fact. *See United States v. One Piece of Real Property Located at 5800 SW 74th Ave., Miami*, 363 F.3d 1099 (11th Cir. 2004).

On March 20, 2015, Defendant Me You and a Pizza, LLC ("MYP") executed a promissory note in which it promised to pay to Ameris Bank $494,000 plus interest and any other amounts required by the note. Four guarantors, who are also named as defendants, executed separate unconditional guaranties in which they promised to pay the amount owed under the note upon written demand by Ameris. The also promised to pay all expenses Ameris incurred in enforcing the guaranties, including attorney's fees and costs.

The note provides that interest on the debt accrues at 2.5% above the prime rate as published in the Wall Street Journal on the first business day of any month in which an interest rate change occurs. The interest on the note accrued at 5.75% between March 20, 2015 and

December 31, 2015 and has accrued at 6.00% since January 1, 2016. MYP was required to make monthly payments of $5,422.60 beginning six months from March 20, 2015, and has failed to make monthly payments since June 5, 2016. Thus, MYP is in default under the terms of the note.

The note permits Ameris to (1) require immediate payment of the debt in full in the event of MYP's default; (2) recover from MYP reasonable attorney's fees and costs incurred in collecting the amount owed under the note; and (3) demand immediate payment of those attorney's fees and costs or add that amount to the principal balance. In a letter dated September 16, 2016, Ameris demanded that MYP immediately pay the full amount "of principal, interest, and other charges due under the Note," which Ameris states in briefing included its legal expenses. (Doc. 1-2 at 2). MYP received this letter and admits breaching its obligation to pay the full amount owed under the note. Ameris has incurred and continues to incur legal fees and costs in attempting to collect the amount due under the note.

In its September 16, 2016 letter, Ameris demanded that the guarantors pay the amount owed under the guaranties. The guarantors received this letter and admit that they have breached their obligation to pay the amount owed.

As of April 12, 2017, the amount of principal and interest owed under the note is $487,394.48. Ameris states that, as of March 31, 2017, it has incurred $20,332.33 in legal fees and costs. On May 10, 2017, Ameris sold equipment in which it had held a security interest under the note, netting $2,700 that Ameris acknowledges should be credited to the amount owed under the note.

**III.     Discussion**

Under Alabama law, to succeed on its breach of contract claim, Ameris must show: "(1) a

3

valid contract binding the parties; (2) [Ameris's] performance under the contract; (3) [Defendants'] nonperformance; and (4) resulting damages." *Reynolds Metals Co. v. Hill*, 825 So. 2d 100, 105 (Ala. 2002). No dispute of fact exists as to whether the promissory note or the guaranties were valid contracts; whether Ameris performed its obligation to loan MYP $494,000; or whether Defendants failed to pay the amounts owed under the note and the guaranties.

As to damages, the only element initially in dispute, none of the five Defendants has presented evidence contradicting Ameris's showing that MYP owes $487,394.48 in principal and interest under the note as of April 12, 2017, or that interest has accrued since that date and continues to accrue at the rate of $76.09 per day. Further, Defendants have not disputed that they are obligated to pay Ameris reasonable attorney's fees and costs incurred in collecting the amount due under the note and enforcing the guaranties.

Although the court granted Defendants additional time to obtain discovery before responding to Plaintiff's initial summary judgment motion, Defendants have presented no evidence disputing Ameris's calculation of the damages they owe under the note. Nor have they presented evidence of an equitable defense that would affect the amount owed under the contracts.

Accordingly, because the undisputed evidence shows that MYP and Guarantors have breached their payment obligations under the note and the guaranties, the court finds that, as of April 12, 2017, MYP and each of the Guarantors was obligated to Ameris in the amount of $484,694.48, and that MYP and each of the Guarantors is also obligated to Ameris for the interest that has accrued since April 13, 2017, at the rate of $76.09 daily, in addition to reasonable attorney's fees and costs incurred by Ameris in collecting the amount due under the

note and enforcing the guaranties.

The court **WILL GRANT** Plaintiff's Renewed Motion for Summary Judgment. The court **WILL DIRECT** Ameris to submit its final claim for interest and for attorney's fees and costs.  The claim for attorney's fees and costs must contain sufficient detail for the court to determine whether the requested amounts are reasonable. Upon receipt of the final calculation of the debt, the court will enter final judgment for Plaintiff.  It will then give Defendants an opportunity to respond only to the requested attorney's fees.

**DONE** this 21st day of September, 2017.

_____
KARON OWEN BOWDRE
CHIEF UNITED STATES DISTRICT JUDGE